# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES COLE, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-09-2157 |
| v. : | |
| : | (Judge Caputo) |
| WARDEN OF ALLENWOOD MED, *et al.*, : | |
| : | |
| Defendants : | |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On November 4, 2009, James Cole, an inmate at USP-Allenwood, White Deer, Pennsylvania, filed a document entitled "Temparory (sic) Injunction/Restraint Order" seeking the Court to issue a temporary restraining order against the Warden of USP-Allenwood for perceived privacy violations involving the institution's new prison legal research computer system. The Court denied the motion without prejudice and closed the case due to Mr. Cole's failure to file a verified Complaint or affidavit in support of his motion for a temporary restraining order as required by Fed. R. Civ. P. 65(b).[1] On November 24, 2009, Mr. Cole filed a Motion for

---

[1] For the convenience of the reader of this Memorandum/Opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of this Court.

Reconsideration of our dispositive order. For the reasons that follow, the motion for reconsideration will be denied.

A motion for reconsideration is governed by Fed. R. Civ. P. 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry. The purpose of the motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the paty seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D.Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D.Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D.Pa. 1999).

In his motion for reconsideration Mr. Cole does not argue a change in law, or the availability of new evidence. Specifically, Mr. Cole seeks to remedy the flaws in his original pleading by submitting the requisite affidavit of fact. He requests the Court to reopen this proceeding "in the interest of justice." (Doc. 6 at p. 2.) This Court did not overlook any facts or legal arguments raised in his original motion. The fact that Mr. Cole now seeks supplement his original motion is not a proper basis for granting the requested relief. Mr. Cole is reminded that our dismissal was without prejudice which does not preclude Mr. Cole from filing a civil rights complaint raising his access to courts privacy issues.

**ACCORDINGLY, THIS 22nd DAY OF SEPTEMBER, 2010, IT IS HEREBY ORDERED THAT** Mr. Cole's Motion for Reconsideration (doc. 6) is **DENIED.**

                                         **/s/ A. Richard Caputo**
                                         **A. RICHARD CAPUTO**
                                         **United States District Judge**